## STATE OF VERMONT

**SUPERIOR COURT**
**CHITTENDEN UNIT**

**CIVIL DIVISION**
**DOCKET NO.: 1047-11-19 Cncv**

USDC - DVT
5:21-cv-7

WENDY L. KALANGES,                          )
                                            )
      **Plaintiff,**                        )
                                            )
      **v.**                               )
                                            )
**GOPICHAND VALLABHANENI**                  )
**and COMMUNITY HEALTH CENTERS** )
**OF BURLINGTON,**                          )
                                            )
                                            )
      **Defendants.**                       )

VERMONT SUPERIOR
COURT

FEB 18 2020

CHITTENDEN UNIT

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Wendy Kalanges, by and through counsel, Affolter Gannon, alleges in this

Complaint as follows:

## JURISDICTION AND PARTIES

1.     Plaintiff is a resident of Chittenden County, Vermont.

2.     Defendant, Community Health Centers of Burlington (hereinafter "CHC"), was at all

material times a Vermont health practice which provided dental care with its principal

place of business in Burlington, Vermont.

3.     Defendant, Gopichand Vallabhaneni, DDS, was at all material times a dentist licensed to

practice dentistry in the State of Vermont who treated patients at Defendant CHC.

## FACTUAL BACKGROUND

4.     This is a malpractice action for complications arising from a dental procedure performed

by Dr. Vallabhaneni on Wendy Kalanges.

5.     Dr. Vallabhaneni was required by the standard of care to utilize a dental dam to avoid

complications, but failed to do so.

1

6.  This case has been reviewed by a qualified expert or experts who find clear deviations from the standard of care which were the cause of complications suffered by Ms. Kalanges.

## CAUSE OF ACTION

7.  Upon information and belief, at all times material to this complaint, Dr. Vallabhaneni was employed by Defendant CHC.

8.  At all times material to this complaint, Defendant Vallabhaneni acted as the agent of Defendant CHC in undertaking to provide the treatment to Plaintiff.

9.  At all times material to this complaint, the care and treatment provided by Defendant Vallabhaneni was authorized and ratified by Defendant CHC.

10.  At all times material to this complaint, Plaintiff was under the care of the Defendants. During such time, each Defendant owed Ms. Kalanges the duty of care requiring Defendants to act in accordance with accepted standards of dental care in rendering treatment to Ms. Kalanges.

11.  At all times material to this complaint, Defendants' care and treatment of Plaintiff fell below the standard of care exercised by reasonably skillful, careful and prudent health care professionals engaged in a similar practice under the same or similar circumstances.

12.  During the care and treatment of Ms. Kalanges, Defendants deviated from the standard of care exercised by reasonably skillful, careful and prudent professionals engaged in a similar practice under the same or similar circumstances.

13.  During the care and treatment of Ms. Kalanges up to November 26, 2016, Defendants each breached their duties of care in manners including, but not limited to, the following acts of omission or commission:

    1)  Failing to advise Plaintiff prior to her procedure of the need for a dental

2

dam;

    2)    Failing to utilize a dental dam;

    3)    Failing to recognize and appropriately treat complications, failing to inform Plaintiff of the existence of said complications and that they were caused by Defendants' failure to use a dental dam.

14.    As a proximate result of the aforementioned acts of omission or commission by each Defendant, Plaintiff incurred and continues to incur significant health care bills and economic loss.  Ms. Kalanges also experienced and continues to experience unnecessary pain, suffering, loss of normal function and  psychological stress.

## DEMAND FOR RELIEF

16.    Plaintiff  demands judgment and verdict against each Defendant, jointly and severally, in an amount which will compensate her for  pain and suffering and permanent injury along with health care bills, economic loss together with interest and costs and such other additional relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff elects trial by jury on all issues.

## CERTIFICATE OF MERIT (12 V.S.A § 1042)

Pursuant to 12 V.S.A. § 1042, Plaintiffs' counsel hereby certifies I have consulted with a health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of Evidence and any other applicable standard, and that, based on the information reasonably available at the time the opinion was rendered, the health care provider has:

(1) Described the applicable standard of care;

AFFOLTER GANNON. • 15 Brickyard Road, Suite Two • Essex Junction, VT 05452 • Tel. (802) 878-2797 • Fax (802) 878-6269

(2) Indicated that based on reasonably available evidence, there is a reasonable

likelihood that the Plaintiff will be able to show that each Defendant failed to meet that

standard of care; and

(3) Indicated that there is a reasonable likelihood that the Plaintiff will be able to show

that the Defendant's failure to meet the standard of care caused the Plaintiff's injuries.


WHEREFORE Plaintiff requests judgment against Defendants in her favor plus costs and

interest and any other relief deemed just.


DATED at Essex Junction, Vermont this 11 day of February, 2020.

AFFOLTER GANNON

By: _____

Michael J. Gannon, Esq.
Attorney for Plaintiffs
15 Brickyard Road
Essex Junction, VT 05452
802-878-2797 ext. 224
gannonm@vermontlawyers.net

# AFFOLTER GANNON
## ATTORNEYS AT LAW

15 BRICKYARD ROAD • ESSEX JUNCTION, VT  05452
TEL: 802-878-2797      FAX: 802-878-6269

Hand-Delivered
February 18, 2020

VERMONT SUPERIOR
COURT

FEB 18 2020

CHITTENDEN UNIT

Jill Mongeon, COM
175 Main Street
P.O. Box 187
Burlington, VT 05402

> Re:   **Wendy L. Kalanges v Gopichand Vallabhaneni and Community Health**
> **Centers of Burlington**
> **Docket Number: 1047-11-19 Cncv**

Dear Jill:

Please find enclosed for filing with the Court a complaint.  A filing fee of $295.00 was
submitted with our initial filing on November 18, 2019, Check #13790.

Thank you for your attention to this matter.  Please do not hesitate to contact with any
questions.

Cordially yours,
AFFOLTER GANNON

Michael J. Gannon, Esq.
Encs.

## STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
Chittenden Unit                              Docket No. 1047-11-19 Cncv

Wendy L. Kalanges,
    Plaintiff

    v.

Gopiachand Vallabhaneni,
Community Health Centers of Burlington,
    Defendants

The clerk hereby acknowledges the filing of the Petition seeking an automatic extension

of the statute of limitations for this matter pursuant to 12 V.S.A. § 1042(d), along with the

required filing fee. A docket number has been assigned. Any further action of the court will

await the filing of a complaint. There is no further fee required on the filing of a complaint.


Electronically signed on November 20, 2019 at 12:49 PM pursuant to V.R.E.F. 7(d).

Jill C. Mongeon
Court Operations Manager