**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JAN 14  PM 1: 10

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| WENDY L. KALANGES, | ) |
| | ) |
| *Plaintiff,* | )   Case No. _____ |
| | ) |
| *v.* | ) |
| | ) |
| GOPICHAND VALLABHANENI | ) |
| and COMMUNITY HEALTH CENTERS | ) |
| OF BURLINGTON, | ) |
| | ) |
| *Defendants.* | ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to § 224 of the Public Health Service Act of 1944 ("PHSA"), 42 U.S.C. § 233, the United States, through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby removes the civil action captioned *Kalanges v. Vallabhaneni, et al.*, Case No. 1047-11-19-Cncv, from the Vermont Superior Court, Chittenden Civil Division, to the United States District Court for the District of Vermont.  The grounds for such removal are as follows:

1.      On or about August 31, 2020, Wendy L. Kalanges ("Plaintiff") caused Community Health Centers of Burlington ("CHCB") to be served with a complaint that Plaintiff had filed against CHCB and Gopichand Vallabhaneni, DMD (together, "Defendants"), in the Vermont Superior Court, Chittenden Civil Division, under the caption *Kalanges v. Vallabhaneni, et al.*, Case No. 1047-11-19-Cncv.  *See* Plaintiff's Complaint and Demand for Trial by Jury, dated February 11, 2020 ("Complaint") (**Exhibit A**).

2.      Plaintiff's Complaint alleges negligence on the part of Defendants in connection with dental care that Plaintiff received from Dr. Vallabhaneni in mid-to-late 2016. *See id.*

3.      At the time of the incidents out of which this suit arose, CHCB was deemed by the Secretary of the United States Department of Health and Human Services to be an employee of the Public Health Service for purposes of § 224 of the PHSA, 42 U.S.C. § 233. *See* Declaration of Meredith Torres, dated January 13, 2021 (**Exhibit B**), ¶ 5, Ex. 1.

4.      At the time of the incidents out of which this suit arose, Dr. Vallabhaneni was a duly-licensed dentist employed by CHCB and, by virtue of such employment, he was deemed by the Secretary of the United States Department of Health and Human Services to be an employee of the Public Health Service for purposes of § 224 of the PHSA, 42 U.S.C. § 233. *See id.* at ¶ 6; Declaration of Gopichand Vallabhaneni, DMD, dated November 3, 2020 (**Exhibit C**), ¶¶ 1-5; Declaration of Jeffrey McKee, Psy. D., dated November 16, 2020 (**Exhibit D**), ¶¶ 1-4.

5.      Pursuant to §§ 224(a) and (g) of the PHSA, the remedy against the United States provided by the Federal Tort Claims Act of 1946 ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, for damages for personal injury resulting from the performance of dental functions by an employee of the Public Health Service acting within the scope of his or her employment, shall be *exclusive* of any other civil action or proceeding by reason of the same subject-matter against the employee whose act or omission gave rise to the claim. *See* 42 U.S.C. §§ 233(a), (g).

6.      Section 224(c) of the PHSA provides that, upon certification by the Attorney General that a defendant employee of the Public Health Service was acting within the scope of his or her employment at the time of the incidents out of which such a suit arose, any such civil action or proceeding commenced against the employee in a state court *"shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort*

2

*action brought against the United States under the provisions of Title 28 and all references thereto."* 42 U.S.C. § 233(c) (emphasis added).

7.     The Attorney General, by Christina E. Nolan, United States Attorney for the District of Vermont, has certified, pursuant to § 224(c) of the PHSA, 42 U.S.C. § 233(c), that Dr. Vallabhaneni was acting within the scope of his employment with CHCB at the time of the incidents out of which this suit arose. *See* Certification of Christina E. Nolan, dated January 14, 2021 (**Exhibit E**).

8.     A trial has yet to be held in this case.

9.     WHEREFORE, the action captioned *Kalanges v. Vallabhaneni, et al.*, Case No. 1047-11-19-Cncv, is hereby removed to this Court and deemed an action brought against the United States pursuant to the FTCA.

Dated at Burlington, in the District of Vermont, this 14th day of January, 2021.

Respectfully submitted,

CHRISTINA E. NOLAN
United States Attorney

By:     BENJAMIN WEATHERS-LOWIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, Vermont 05402
(802) 951-6725
Ben.Weathers-Lowin@usdoj.gov

*Attorney for the United States*

# EXHIBIT A

STATE OF VERMONT

SUPERIOR COURT                                          CIVIL DIVISION
CHITTENDEN UNIT                                         DOCKET NO.: 1047-11-19 Cncv

WENDY L. KALANGES,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )
GOPICHAND VALLABHANENI                  )
and COMMUNITY HEALTH CENTERS            )
OF BURLINGTON,                          )
                                        )
                                        )
            Defendants.                 )

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Wendy Kalanges, by and through counsel, Affolter Gannon, alleges in this

Complaint as follows:

### JURISDICTION AND PARTIES

1.   Plaintiff is a resident of Chittenden County, Vermont.

2.   Defendant, Community Health Centers of Burlington (hereinafter "CHC"), was at all

     material times a Vermont health practice which provided dental care with its principal

     place of business in Burlington, Vermont.

3.   Defendant, Gopichand Vallabhaneni, DDS, was at all material times a dentist licensed to

     practice dentistry in the State of Vermont who treated patients at Defendant CHC.

### FACTUAL BACKGROUND

4.   This is a malpractice action for complications arising from a dental procedure performed

     by Dr. Vallabhaneni on Wendy Kalanges.

5.   Dr. Vallabhaneni was required by the standard of care to utilize a dental dam to avoid

     complications, but failed to do so.

1

6.    This case has been reviewed by a qualified expert or experts who find clear deviations

        from the standard of care which were the cause of complications suffered by Ms.

        Kalanges.

### CAUSE OF ACTION

7.    Upon information and belief, at all times material to this complaint, Dr. Vallabhaneni was

        employed by Defendant CHC.

8.    At all times material to this complaint, Defendant Vallabhaneni acted as the agent of

        Defendant CHC  in undertaking to provide the treatment to Plaintiff.

9.    At all times material to this complaint, the care and treatment provided by Defendant

        Vallabhaneni was authorized and ratified by Defendant CHC.

10.    At all times material to this complaint, Plaintiff was under the care of the Defendants.

        During such time, each Defendant owed Ms. Kalanges  the duty of care requiring

        Defendants to act in accordance with accepted standards of dental care in rendering

        treatment to Ms. Kalanges.

11.    At all times material to this complaint, Defendants' care and treatment of Plaintiff fell

        below the standard of care exercised by reasonably skillful, careful and prudent health

        care professionals engaged in a similar practice under the same or similar circumstances.

12.    During the care and treatment of Ms. Kalanges, Defendants deviated from the standard of

        care exercised by reasonably skillful, careful and prudent  professionals engaged in a

        similar practice under the same or similar circumstances.

13.    During the care and treatment of Ms. Kalanges up to November 26, 2016, Defendants

        each breached their duties of care in  manners including, but not limited to, the following

        acts of omission or commission:

              1)      Failing to advise Plaintiff prior to her procedure of the need  for a dental

2

dam;

2)      Failing to utilize a dental dam;

3)      Failing to recognize and appropriately treat complications, failing to

inform Plaintiff of the existence of said complications and that they were

caused by Defendants' failure to use a dental dam.

14.    As a proximate result of the aforementioned acts of omission or commission by each

Defendant, Plaintiff incurred and continues to incur significant health care bills and

economic loss.  Ms. Kalanges also experienced and continues to experience unnecessary

pain, suffering, loss of normal function and  psychological stress.

## DEMAND FOR RELIEF

16.    Plaintiff  demands judgment and verdict against each Defendant, jointly and severally, in

an amount which will compensate her for  pain and suffering and permanent injury along

with health care bills, economic loss together with interest and costs and such other

additional relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff elects trial by jury on all issues.

## CERTIFICATE OF MERIT (12 V.S.A § 1042)

Pursuant to 12 V.S.A. § 1042, Plaintiffs' counsel hereby certifies I have consulted with a

health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of

Evidence and any other applicable standard, and that, based on the information reasonably

available at the time the opinion was rendered, the health care provider has:

(1) Described the applicable standard of care;

Affolter Gannon  · 15 Brickyard Road, Suite Two · Essex Junction, VT 05452 · Tel. (802) 878-2707 · Fax (802) 878-6269

(2) Indicated that based on reasonably available evidence, there is a reasonable

likelihood that the Plaintiff will be able to show that each Defendant failed to meet that

standard of care; and

(3) Indicated that there is a reasonable likelihood that the Plaintiff will be able to show

that the Defendant's failure to meet the standard of care caused the Plaintiff's injuries.


WHEREFORE Plaintiff requests judgment against Defendants in her favor plus costs and

interest and any other relief deemed just.


DATED at Essex Junction, Vermont this ___ day of February, 2020.

AFFOLTER GANNON


By: _____

Michael J. Gannon, Esq.
Attorney for Plaintiffs
15 Brickyard Road
Essex Junction, VT 05452
802-878-2797 ext. 224
gannonm@vermontlawyers.net

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

_____
                           )

Wendy L. Kalanges,                )
                           )

Plaintiff,                     )
                           )

      vs.                      )
                           )

Gopichand Vallabhaneni, D.D.S.; and Community  )
Health Centers of Burlington,       )
                           )

Defendants.                   )
                           )
_____

DECLARATION OF
MEREDITH TORRES

1.   I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department").   I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2.   The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3.   As a consequence, if a tort claim had been filed with the Department with respect to *Community Health Centers of Burlington*, its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Office database.

1

4.   I have caused a search of the Claims Office database to be conducted and found no record of an administrative tort claim filed by *Wendy L. Kalanges*, and/or an authorized representative relating to *Community Health Centers of Burlington and/or Gopichand Vallabhaneni, D.D.S.*

5.   I have also reviewed official Agency records and determined that *Community Health Centers of Burlington* , was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2016, and that its coverage has continued without interruption since that time.   The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration.   A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to *Community Health Centers of Burlington*, is attached to this declaration as Exhibit 1.

6.   I have also reviewed the employment records submitted by *Community Health Centers of Burlington*, on behalf of the defendant, *Gopichand Vallabhaneni, D.D.S.,* and have determined that *Gopichand Vallabhaneni, D.D.S.,* was an employee of *Community Health Centers of Burlington,* at the time of the incidents giving rise to this suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 13th day of January 2021.

*Meredith Torres*
_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

# EXHIBIT 1

**1. ISSUE DATE:** 6/22/2015

**2a. FTCA DEEMING NOTICE NO.:**
1-F00000813-15-01

**2b. Supersedes: [ ]**

**3. COVERAGE PERIOD:**
**FROM:** 1/1/2016 **THROUGH:** 12/31/2016

**4. NOTICE TYPE:** Renewal

**5a. ENTITY NAME AND ADDRESS:**
Community Health Centers of Burlington, Inc.
617 RIVERSIDE AVE
BURLINGTON, VT 05401-1601

**6. ENTITY TYPE:** Grantee

**7. EXECUTIVE DIRECTOR:**
Jack Donnelly

**8a. GRANTEE ORGANIZATION:**
Community Health Centers of Burlington, Inc.

**8b. GRANT NUMBER:** H80CS00311

DEPARTMENT OF HEALTH AND
HUMAN SERVICES
HEALTH RESOURCES AND SERVICES
ADMINISTRATION

**HRSA**

**NOTICE OF DEEMING ACTION**

**FEDERAL TORT CLAIMS ACT
AUTHORIZATION:**
Federally Supported Health Centers Assistance
Act (FSHCAA), as amended,
Sections 224(g)-(n) of the Public Health Service
(PHS) Act, 42 U.S.C. § 233(g)-(n)

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

   a. The authorizing program legislation cited above.
   b. The program regulation cited above, and,
   c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

*Electronically signed by Tonya Bowers, Deputy Associate Administrator for Primary Health Care on:* 6/22/2015 5:37:31 PM

| **FTCA DEEMING NOTICE NO.:** 1-F00000813-15-01 | **GRANT NUMBER:** H80CS00311 |  |
|---|---|---|

**Community Health Centers of Burlington, Inc.**
**617 RIVERSIDE AVE**
**BURLINGTON, VT05401-1601**

Dear Jack Donnelly:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Community Health Centers of Burlington, Inc. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2016 through 12/31/2016.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Community Health Centers of Burlington, Inc. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant

EXHIBIT C



**community**
**health centers**
OF BURLINGTON          www.chcb.org

· RIVERSIDE HEALTH CENTER · SAFE HARBOR HEALTH CENTER · PEARL STREET YOUTH HEALTH CENTER · SCHOOL-BASED DENTAL CENTER ·
· CHAMPLAIN ISLANDS HEALTH CENTER · SOUTH END HEALTH CENTER · GoodHEALTH INTERNAL MEDICINE · WINOOSKI FAMILY HEALTH ·

### Declaration of Gopichand Vallabhaneni, DMD

1. I, Gopichand Vallabhaneni, DMD, am licensed (dentist) to practice in the state of Vermont.

2. I have been employed by Community Health Centers of Burlington since February 23, 2004.

3. I have not billed privately for services provided to Wendy L. Kalanges.

4. I have not received monetary compensation for the services provided to Wendy L. Kalanges from any third party payers, including Medicaid, nor any other source other than the regular compensation received from Community Health Centers of Burlington.

5. I have not been employed by any other health center's facility and/or private medical facility, other than Community Health Centers of Burlington during the time alleged in the complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___3ʳᵈ___ day __Nov__ 2020.

_____
Gopichand Vallabhaneni, DMD

# EXHIBIT D



**community
health centers**
**OF BURLINGTON**                    www.chcb.org

• RIVERSIDE HEALTH CENTER  •  SAFE HARBOR HEALTH CENTER  •  PEARL STREET YOUTH HEALTH CENTER  •  SCHOOL-BASED DENTAL CENTER •
• CHAMPLAIN ISLANDS HEALTH CENTER  •  SOUTH END HEALTH CENTER  •  GoodHEALTH INTERNAL MEDICINE  •  WINOOSKI FAMILY HEALTH •

### Declaration of Jeffrey McKee, Psy.D., CEO

1. I, Jeffrey McKee, Psy.D., am the Chief Executive Officer of Community Health Centers of Burlington, located at 617 Riverside Avenue, Burlington, VT 05401.

2. I have been employed by Community Health Centers of Burlington since July 6, 2020.

3. Gopichand Vallabhaneni, DMD, has been employed at Community Health Centers of Burlington as a Dentist from February 23, 2004 through present.

4. To the best of my knowledge Gopichand Vallabhaneni, DMD, was not billing Wendy Kalanges privately nor was he receiving monetary compensation for the services provided to Wendy Kalanges from any third party payers, including Medicaid, nor any other source, other than the regular compensation received from Community Health Centers of Burlington.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ _16th_ _____ day _November_ 2020.

_Jeffrey McKee, CEO_

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| WENDY L. KALANGES, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. _____ |
| | ) | |
| *v.* | ) | |
| | ) | |
| GOPICHAND VALLABHANENI | ) | |
| and COMMUNITY HEALTH CENTERS | ) | |
| OF BURLINGTON, | ) | |
| | ) | |
| *Defendants.* | ) | |

## CERTIFICATION

I, Christina E. Nolan, United States Attorney for the District of Vermont, hereby certify, pursuant to 42 U.S.C. § 233(c) and 28 C.F.R. § 15.4, and on the basis of the information presently available to me with respect to the allegations set forth in the complaint filed by the above-named plaintiff against the above-named defendants in the Vermont Superior Court, Chittenden Civil Division, in the action captioned *Kalanges v. Vallabhaneni, et al.*, Case No. 1047-11-19-Cncv, that Gopichand Vallabhaneni, DMD, was an employee of Community Health Centers of Burlington, and acting within the scope of such employment, at the time of the incident out of which the foregoing suit arose.

Dated at Burlington, in the District of Vermont, this **14th** day of January, 2021.

CHRISTINA E. NOLAN
United States Attorney
District of Vermont